Civil Action No.:  05 CV 7260 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of
    B.K. SOLOMON-LUFTI

                                        Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
A.K.A (BOARD OF EDUCTION)
MR. CARUSO, MR. RUIZ, MR. KROUN,
C. ROBERSON, M. GUASPE, AND THE UNITED
FEDERATION OF TEACHERS

                                        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for City Defendant*
*100 Church Street, Room 2-317*
*New York, N.Y.  10007*

*Of Counsel: William S.J. Fraenkel,*
*Joanna R. Helferich*

*Tel:  (212) 788-0879*
*NYCLIS No. 05LE000358*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT

      POINT I

           IN DECIDING A MOTION FOR JUDGMENT ON THE PLEADINGS THE COURT MUST CONSIDER NOT ONLY THE COMPLAINT BUT THE ANSWER AND ALL MATERIALS INCORPORATED BY REFERENCE INTO THE PLEADINGS .............................................................................. 3

      POINT II

           PLAINTIFF'S CLAIMS ARE TIME-BARRED......................................... 4

           A.  Plaintiff's Title VII Claims are Barred ................................................. 4

           B.  Plaintiff's Constitutional Claims are Time-Barred. ................................................................................ 5

           C.  Plaintiff's State Law Claims, if any, Are Time-Barred ................................................................................. 5

      POINT III

           THE NEW YORK STATE EXECUTIVE LAW'S ELECTION OF REMEDIES PROVISION DIVESTS THIS COURT OF JURISDICTION OVER ANY EXECUTIVE LAW SECTION 296 CLAIMS ...................................................................................... 7

      POINT IV

           SOME, IF NOT ALL, OF PLAINTFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA ................................................................................... 8

**Page**

POINT V

        PLAINTIFF'S CONCLUSORY ALLEGATIONS
        ARE INSUFFICIENT TO SURVIVE A MOTION
        TO DISMISS ........................................................................................... 10

POINT VI

        PLAINTIFF'S CONSPIRACY CLAIMS ARE
        BARRED BY THE INTER-AGENCY DOCTRINE ............................... 11

POINT VII

        ANY CLAIMS PLAINTIFF IS ATTEMPTING TO
        ASSERT AGAINST THE DEPARTMENT OF
        EDUCATION UNDER 42 U.S.C. §§ 1981, 1982,
        1983 AND 1985 MUST BE DISMISSED FOR
        FAILING TO PLEAD AND INABILITY TO
        PROVE A MONELL VIOLATION ......................................................... 12

POINT VIII

        PLAINTIFF FAILS TO STATE A CLAIM
        UNDER TITLE VI, 21 U.S.C.S. 846, 18 U.S.C.S.
        24, 18 U.S.C.S. 241, AND THE TAYLOR LAW .................................... 14

CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Allen v. McCurry,
    449 U.S. 90 (1980)...................................................................................................8

Anderson v. City of New York,
    657 F. Supp. 1571 (S.D.N.Y. 1987)........................................................................12

Bickerstaff v. Vassar College,
    196 F.3d 435 (2d Cir. 1999)
    cert. denied, 530 U.S. 1242 (200) ...........................................................................11

Burgos v. Hopkins,
    14 F.3d 787 (2d Cir. 1994)........................................................................................8

Chase Manhattan Bank, N.A. v. Celotex Corp.,
    56 F.3d 343 (2d Cir. 1995)........................................................................................9

City of Canton, Ohio v. Harris,
    489 U.S. 378 (1989)................................................................................................12

Contemporary Guidance Servs., Inc.,
    2004 U.S. Dist. LEXIS 12447 (GBD) (S.D.N.Y. 2004).............................................9

Curtis v. Airborne Freight Corp.,
    87 F. Supp. 2d 234 (S.D.N.Y. 2000).......................................................................11

Davis v. City of New York,
    228 F. Supp. 2d 327 (S.D.N.Y. 2002).....................................................................12

Dwares v. The City of New York,
    985 F.2d 94 (2d Cir. 1992)......................................................................................13

Elite Assocs., Inc. v. Bd. of Educ, Longwood Cent. Sch. Dist.,
    284 A.D.2d 298 (2d Dep't 2001) ..............................................................................6

Federated Dep't. Stores, Inc. v. Moitie,
    452 U.S. 394 (1981).................................................................................................8

Giaccio v. City of New York,
    2005 U.S. Dist. LEXIS 642 (RWS) (S.D.N.Y. Jan. 19, 2005) ................................10

Jett v. Dallas Indep. Sch. Dist.,
    491 U.S. 701, 109 S. Ct. 2702 (1989)....................................................................12

**Cases**                                                                 **Pages**


Johnson v. City of New York,
  2000 U.S. Dist. LEXIS 4698 (S.D.N.Y. 99 Civ 0165 (DAB) April 12, 2000)........................8


Kato v. Ishihara,
  239 F. Supp. 2d 359 (S.D.N.Y. 2002)
  aff'd, 2004 U.S. App. LEXIS 2620 (2d Cir. Feb. 18, 2004)......................................................10


Kennedy, v. General Motors Corporation,
  664 F. Supp. 122 (S.D.N.Y. 1987)( Leisure, J.) ...............................................................8


Krauz v. Commack Union Free Sch. Dist.,
  203 A.D.2d 334 (2d Dep't 1996) .........................................................................................6


Linder v. City of New York,
  263 F. Supp. 2d 585 (E.D.N.Y. 2003) ....................................................................... 1-2, 11


Lykes v. New York City Transit Auth.,
  1999 U.S. Dist. LEXIS 20077 (E.D.N.Y. 1999)......................................................................4


Maharaj v. Bankamerica Corp.,
  128 F.3d 94 (2d Cir. 1997)....................................................................................................8


Monahan v. New York City Dep't of Correction,
  214 F.3d 275 (2d Cir. 2000)..................................................................................................9


Monell v. Department of Soc. Servs.,
  436 U.S. 658 (1978)............................................................................................................12


Moodie, v. Federal Reserve Bank of New York,
  58 F.3d 879 (2d Cir. 1995)....................................................................................................8


NLRB v. United Technologies Corp.,
  706 F.2d 1254 (2d Cir. 1983)................................................................................................8


National R.R. Passenger Corp. v. Morgan,
  536 U.S. 101, 122 S. Ct. 2061 (2002)...................................................................................5


Oklahoma City v. Tuttle,
  471 U.S. 808, 105 S. Ct. 2427 (1985)................................................................................12


Parochial Bus Systems, Inc. v. Board of Education,
  60 N.Y.2d 539 (1983) ...........................................................................................................1


Patterson v. County of Oneida, New York, et al.,
  375 F.3d 206 (2d Cir. 2004).............................................................................................1, 5

iv

**Cases**                                                                                    **Pages**

Peek v. Williamsville Bd. of Educ.,
    221 A.D.2d 919  (4th Dep't 1995) .................................................................................6

Philippeaux v. North Central Bronx Hospital,
    871 F. Supp. 640 (S.D.N.Y. 1994) ......................................................................11

Prentice v. Apfel,
    11 F. Supp. 2d 420 (S.D.N.Y. 1998).................................................................2, 4

Quartararo v. Catterson,
    917 F. Supp. 919 (E.D.N.Y. 1996) ......................................................................3

Rasmussen v. Sigma Corp.,
    27 F. Supp. 2d 388 (E.D.N.Y. 1998) ...................................................................4

Solomon-Lufti v. Roberson,
    1999 U.S. Dist. LEXIS 11535 (S.D.N.Y. July 29, 1999) ....................................1, 2

Straker v. Metro. Transit Auth.,
    333 F. Supp. 2d 91 (E.D.N.Y. 2004) ..................................................................10

Tavoloni v. Mount Sinai Med. Ctr.,
    984 F. Supp. 196 (S.D.N.Y. 1997)(Kaplan, J.),
    aff'd without op f. 3d 235, (2d Cir. 1999) .............................................................11

Taylor, v. Brentwood Union Free School District,
    908 F. Supp. 1165 (E.D.N.Y. 1995),
    rev'd, on other grounds, 143 F.3d 679 (2d Cir. 1998) .............................................5

Tewksbury v. Ottaway Newspapers, Inc.,
    192 F.3d 322 (2d Cir. 1999).................................................................................5

Tomka v. Seiler Corp.,
    66 F.3d 1295 (2d Cir. 1995)..................................................................................1

Trevino v. Gates,
    99 F.3d 911 (9th Cir. 1996),
    cert denied, 520 U.S. 1117, 117  S.Ct. 1249 (1997) ...............................................12

United States v. 44 Autumn Ave.,
    156 F.R.D. 26 (E.D.N.Y. 1994) .......................................................................3, 4

Whyte v. Contemporary Guidance Services, Inc.,
    03 CV 5544, 2004 U.S. Dist. LEXIS 12447 (S.D.N.Y. July 2, 2004)....................10

**Cases**                                                                                              **Pages**

Zerilli-Edelglass v. N.Y. City Transit Auth.,
    333 F.3d 74 (2d Cir. 2003)................................................................................4

**Statutes**

18 U.S.C.S. 24 .........................................................................................................14

18 U.S.C.S. 241.......................................................................................................14

21 U.S.C.S. 846.......................................................................................................14

42 U.S.C. § 12117(a) ..........................................................................................1, 4

42 U.S.C. § 2000e-5(e)(1)........................................................................................5

42 U.S.C. § 2000e-5(f)(1) ...................................................................................1, 4

42 U.S.C. §§ 1981, 1982, 1983 and 1985 ..................................................... passim

42 U.S.C. 2000d.....................................................................................................14

Executive Law § 296 ...........................................................................................7, 8

Federal Civil Procedure Rule 12............................................................................3

Federal Rule of Civil Procedure 12(b) (d) ............................................................3

Federal Rule of Civil Procedure 12(c) ...............................................................2, 3

New York Education Law § 3813 (1).......................................................................1

New York Education Law § 3813 (2-b) ...................................................................5

New York Education Law § 3813 ...........................................................................1

New York State Executive Law § 297(9) .................................................................7

## PRELIMINARY STATEMENT

Plaintiff, Barry Koradni Solomon-Lufti, brings this action against the City defendant New York Department of Education ("DOE"),[1] and the United Federation of Teachers ("UFT"),[2] alleging discrimination under Title VII and a violation of various state, federal and constitutional rights.

City defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that the plaintiff's Title VII and constitutional claims are time-barred.  See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); Patterson v. County of Oneida, New York, et al., 375 F.3d 206, 225 (2d Cir. 2004)(The statute of limitations for 42 U.S.C. § 1983 is three years).  In addition, some, if not all, of plaintiff's claims are barred by the doctrine of *res judicata*, as claims raised in the instant complaint were fully and fairly litigated in the case Solomon-Lufti v. Roberson, et al., 97 CV 6024(JCF), which was dismissed on summary judgment by order dated July 29, 1999.[3]  See Solomon-Lufti v. Roberson, et al., 1999 U.S. Dist. LEXIS 11535 (S.D.N.Y. July 29, 1999).  Any state law claims are barred by the one-year statute of limitations pursuant to New York Education Law § 3813.[4]  Any claims under the New York State Executive Law are barred by that statute's election of remedies provisions.  Plaintiff's conspiracy claims are precluded under the inter-agency conspiracy doctrine.  See Linder v. City

---

[1]    Mr. Caruso, Mr. Ruiz, Mr. Kroun, C. Roberson and M. Guaspe, upon information and belief, have not been served and therefore are not defendants in this action.  In any event, plaintiff's Title VII claims against the individual defendants are impermissible and must be dismissed. Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995).

[2]    Defendant UFT filed a motion to dismiss the complaint on December 2, 2005.

[3]    For the convenience of the court, a copy of this decision is annexed hereto as Exhibit "1."

[4]    Plaintiff's state law claims are also barred by his failure to file a notice of claim.  See New York Education Law §3813(1); Parochial Bus Systems, Inc. v. Board of Education, 60 N.Y.2d 539 (1983); Taylor, v. Brentwood Union Free School District, 908 F. Supp. 1165, 1175 (E.D.N.Y. 1995), rev'd, on other grounds, 143 F.3d 679 (2d Cir. 2998).

of New York, 263 F. Supp. 2d 585 (E.D.N.Y. 2003).   Therefore, the complaint must be dismissed.

**STATEMENT OF FACTS**

Plaintiff was employed by City defendant DOE as a regular substitute teacher at Intermediate School 148 from September 1989 until his termination in June 1996 as a result of receiving a year-end rating of "unsatisfactory" from Principal Charlotte Roberson.   See Solomon-Lufti v. Roberson, et al., 1999 U.S. Dist. LEXIS 11535 at *2 (S.D.N.Y. July 29, 1999), a copy of which is annexed hereto as Exhibit "1."[5]   Plaintiff appealed this "unsatisfactory" rating pursuant to Section § 5.3.4 of DOE's bylaws, and as a result, the rating was reversed by Chancellor Rudolph F. Crew on March 18, 1999, and plaintiff was reinstated.

On August 13, 1997, Plaintiff filed a lawsuit under Title VII, the New York State Human Rights Law, and the Equal Protection clauses of the New York State and United States Constitutions, claiming that he was terminated from his job as a public school teacher because of his race, color, gender, and national origin, and claiming that his due process rights were violated.   That lawsuit was dismissed in its entirety when the Court granted defendants' motion for summary judgment.   See Exhibit "1."

In September 2001, plaintiff was assigned to Morris High School as a per diem substitute teacher.   Plaintiff received an "unsatisfactory" rating for the school year 2001-2002 and was terminated on June 27, 2002.   Because plaintiff was a per diem substitute teacher in the school for less than one year, he did not qualify for retention.   See State Division of Human

---

[5]   All exhibits are either documents of which the Court can take judicial notice or documents incorporated by reference in the pleadings and thus may be considered by the Court on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).   See Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998).   Unless otherwise noted, all exhibits are annexed to the Declaration of Joanna R. Helferich, dated February 10, 2006.

Rights Determination and Order After Investigation, Federal Charge No: 16GA301937, annexed hereto as Exhibit "2," at 2.

On March 26, 2003, plaintiff filed a verified complaint with the State Division of Human Rights ("SDHR"), charging DOE with unlawful discriminatory practice relating to his employment, because of age, creed, national origin.  See Exhibit "2."  After investigation, the SDHR issued a finding of No Probable Cause on March 25, 2004.  See id.  On May 5, 2004, the U.S. Equal Employment Opportunity Commission ("EEOC"), issued a Notice of Right to Sue Letter.  A copy of the Right to Sue Letter is annexed hereto as Exhibit "3."  Plaintiff filed the instant action on August 16, 2005.

## ARGUMENT

### POINT I

**IN DECIDING A MOTION FOR JUDGMENT ON THE PLEADINGS THE COURT MUST CONSIDER NOT ONLY THE COMPLAINT BUT THE ANSWER AND ALL MATERIALS INCORPORATED BY REFERENCE INTO THE PLEADINGS.**

Subsection (c) of Federal Civil Procedure Rule 12 allows a party, after the pleadings are closed, to move for judgment on the pleadings. Fed.R.Civ.P. 12(c).  Unlike a motion to dismiss under subsection 12(b)(6), which requires the court to accept the allegations as true, "a motion for judgment on the pleadings [under Fed.R.Civ.P. 12(c)] requires a court to consider not only the plaintiff's complaint, but also the defendant's answer, in assessing the plaintiff's articulation of his or her claim." Quartararo v. Catterson, 917 F. Supp. 919, 930 (E.D.N.Y. 1996).   The court must also consider all materials "implicitly or explicitly incorporated by reference into those pleadings." United States v. 44 Autumn Ave., 156 F.R.D. 26, 30 (E.D.N.Y. 1994).  Furthermore, the court may consider "matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings."

Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998).   When, after considering the pleadings, both the complaint, the answers and incorporated documents or materials, "Judgment on the Pleadings is appropriate where material facts are undisputed and where a judgment on the pleadings is possible merely by considering the contents of the pleadings." 44 Autumn Ave., 156 F.R.D. at 30 (internal quotation marks omitted).

**POINT II**

**PLAINTIFF'S CLAIMS ARE TIME-BARRED**

**A.      Plaintiff's Title VII Claims are Barred**

            In order to bring a timely civil action under the Title VII, a claim must be filed within 90 days of the claimant's receipt of an EEOC right-to-sue letter.   See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74 (2d Cir. 2003) (holding that the New York Pro Se Office receipt of a complaint 92 days after plaintiff's receipt of a right-to-sue letter, and the Clerk's Office filing of said complaint, 96 days after plaintiff received the right-to-sue letter, "missed the statutory 90 day filing deadline").   The requirement that a claim be brought within 90 days of receiving an EEOC right-to-sue letter is treated as a statute of limitations; therefore if a claimant fails to bring suit within this 90-day period, the claim is time-barred.   Lykes v. New York City Transit Auth., 1999 U.S. Dist. LEXIS 20077 (E.D.N.Y. 1999); Rasmussen v. Sigma Corp., 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998).

            Plaintiff filed the instant action on August 16, 2005.   The EEOC's right-to-sue letter is dated May 5, 2004.   See Exhibit "3."   Plaintiff missed the 90-day deadline by over a year.   Because plaintiff failed to timely commence this action, his Title VII claims should be dismissed in their entirety as time-barred.   See Rasmussen, 27 F. Supp. 2d 388 (holding that plaintiff received the right-to-sue letter when her teenage daughter accepted the letter at her residence, even though plaintiff was out of the country and did not actually see the letter until 17 days later and that the circumstances did not warrant equitable tolling).

Even if plaintiff had timely filed this action after receiving the right-to-sue letter, some, if not all, of his Title VII claims would nonetheless be time-barred because they allegedly occurred more than 300 days before plaintiff filed his charge with the SDHR on March 26, 2003. See  42 U.S.C. § 2000e-5(e)(1); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 122 S. Ct. 2061 (2002); Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 325, 328-29 (2d Cir. 1999).  Accordingly, any claims which occurred prior to May 30, 2002 are time-barred, including any claims relating to the to his "unsatisfactory" rating and termination in 1996, and also including claims plaintiff may be attempting to assert relating to the actual litigation of his 1996 termination.[6]

**B.      Plaintiff's Constitutional Claims are Time-Barred.**

Plaintiff's constitutional claims, brought via 42 U.S.C. § 1983, are subject to a three-year statute of limitations.  See Patterson v. County of Oneida, New York, et al., 375 F.3d 206, 225 (2d Cir. 2004).  The last day any claims against DOE could have accrued was on the date of plaintiff's termination, June 27, 2002.  Plaintiff did not file the instant action until August 16, 2005, over three years after his termination.  Therefore, all of plaintiff's constitutional claims are time-barred and must be dismissed.

**C.      Plaintiff's State Law Claims, if any, Are Time-Barred.**

To the extent that plaintiff may be alleging state law claims, such as slander, defamation, contract law claims, and/or City or State Human Rights Law claims, he cannot maintain those claims against the defendant because he has failed to commence this action within the applicable statutory period of one year established in New York Education Law § 3813 (2-b). Education Law § 3813(2-b) provides:

---

[6]   Plaintiff does not appear to discuss his 2002 termination in the complaint.  However, even if claims relating to his termination were raised in the complaint, they would be barred as a result of plaintiff failing to timely file after receiving a right to sue letter from the U.S. EEOC.

> [E]xcept as provided in subdivision two of this section and, notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, <u>no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose.</u> . .

(emphasis supplied).  <u>See also</u> Elite Assocs., Inc. v. Bd. of Educ, Longwood Cent. Sch. Dist., 284 A.D.2d 298, 299 (2d Dep't 2001) (one year statute of limitations accrued when plaintiff became aware of the cause of action); <u>Krauz v. Commack Union Free Sch. Dist.</u>, 203 A.D.2d 334 (2d Dep't 1996) (one year statute of limitations period applied to wrongful termination claim by former employee of a school district); <u>Peek v. Williamsville Bd. of Educ.</u>, 221 A.D.2d 919 (4th Dep't 1995)(holding that plaintiff's causes of action alleging violations of his State civil and constitutional rights and of his employment contract and his tenure rights, as well as his defamation claim, were barred by plaintiff's failure to apply to file a notice of claim within the applicable one-year statute of limitations period for commencing an action).

      In this action, the latest possible date that plaintiff's claim accrued is June 27, 2002, when he was terminated.  Plaintiff commenced this action on August 16, 2005, over three years later.  Under both statutory and common law, the latest date for plaintiff to have commenced this case was no later than one year after his, or June 27, 2003.  Accordingly, plaintiff's state law claims, if any, are time-barred.

## POINT III

### THE NEW YORK STATE EXECUTIVE LAW'S ELECTION OF REMEDIES PROVISION DIVESTS THIS COURT OF JURISDICTION OVER ANY EXECUTIVE LAW SECTION 296 CLAIMS

On March 26, 2003, plaintiff filed a verified complaint with the SDHR against the DOE. <u>See</u> Exhibit "2." After investigation, the SDHR issued a finding of No Probable Cause to support the complaint, on March 25, 2004. <u>See id</u>. Because plaintiff filed a complaint with the SDHR, this Court is deprived of jurisdiction to hear plaintiff's claims under New York State Executive Law § 296.

Section 297(9) of the New York State Executive Law provides in pertinent part that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. . . . <u>No person</u> who has initiated any action in a court of competent jurisdiction or <u>who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section or under section two hundred ninety-six-a.</u>

New York State Executive Law § 297(9) (Emphasis added).

Because plaintiff previously brought this claim before the SDHR, which found no probable cause, not only is plaintiff is precluded from now bringing a state human rights law

claim in this federal forum, but section 297(9) denies this Court jurisdiction to hear any such claims.  See Moodie, v. Federal Reserve Bank of New York, 58 F. 3d 879 (2d Cir. 1995); Johnson v. City of New York, 2000 U.S. Dist. LEXIS 4698, (S.D.N.Y. 99 CIV 0165 (DAB) April 12, 2000); Kennedy, v. General Motors Corporation, 664 F. Supp. 122, 127, n.9 (S.D.N.Y. 1987)( Leisure, J.).  Because plaintiff elected to pursue his state law claim under New York State Executive Law § 296 before the SDHR, the election of remedies provision, of section 297(9), divests state and federal courts of jurisdiction and plaintiff's state law claims must be dismissed.

**POINT IV**

**SOME, IF NOT ALL, OF PLAINTFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

It is well settled that, under the doctrine of *res judicata* or claim preclusion, once a claim has been brought to a final conclusion, all subsequent claims arising from the same facts or series of transactions are barred.  See Federated Dep't. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  "Simply put, the doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'"  Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997).  The Second Circuit has stated that

> [t]he doctrine of res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." NLRB v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir. 1983) (citations omitted).

> To prove the affirmative defense a party must show
> that (1) the previous action involved an adjudication
> on the merits; (2) the previous action involved the
> plaintiffs or those in privity with them; (3) the
> claims asserted in the subsequent action were, or
> could have been, raised in the prior action. Allen,
> 449 U.S. at 94; Burgos, 14 F.3d at 789; Chase
> Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d
> 343, 345-46 (2d Cir. 1995).

Monahan v. New York City Dep't of Correction, 214 F.3d 275, 284-85 (2d Cir. 2000).

Plaintiff's claims arising out of his "unsatisfactory" rating and termination in 1996 were fully litigated, on the merits, in the case Civil Action No. 97 CV 6024(JCF), and plaintiff's claims were dismissed on summary judgment. See Exhibit "1." Plaintiff's complaint in the instant action is filled with references to the 1996 "unsatisfactory" rating, as well as to events that occurred during that prior litigation before Judge Francis, defended by Assistant Corporation Counsel Frank Esposito. Any claims which plaintiff brought, or could have brought, in the prior litigation, as well as subsequent claims arising from the same facts, are barred and must be dismissed. Plaintiff does not appear to discuss any claims not arising from that series of transactions in the complaint. To the extent that the complaint contains allegations regarding plaintiff's "unsatisfactory" rating, his appeal of that rating and its reversal, and his 1996 termination, those aspects of the complaint must be dismissed in their entirety.

**POINT V**

**PLAINTIFF'S CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS**

In his SDHR complaint, plaintiff asserted that he was discriminated against based on his race, color, gender, and national origin.  See Exhibit "2", the SDHR Determination and Order After Investigation.   However, plaintiff does not offer anything other than bare and conclusory allegations of discrimination.  Indeed, the most specific allegation in the complaint is the assertion on page three of the complaint where he states:

> Discriminatory intent.  Calling Plaintff out-of-his proper name by referring to Plaintiff as "AFRICAN..Hebrew – JEW…Incompetent…" Hebrew Israelite…Bad Apple to be gotten rid"

(ellipsis in the original)  Even in this 'specific' allegation, plaintiff does not identify the allege speaker or provide any facts sufficient to infer discriminatory intent.   Such allegations are insufficient and therefore the complaint must be dismissed.  See Contemporary Guidance Servs., Inc., 2004 U.S. Dist. LEXIS 12447 (GBD) (S.D.N.Y. 2004) (dismissing plaintiff's discrimination claims because the complaint fails to identify which alleged adverse actions were discriminatory in nature and plaintiff's conclusory allegations that defendants discriminate against older employees is contradicted by factual assertions in the complaint).  See also Giaccio v. City of New York, 2005 U.S. Dist. LEXIS 642 (RWS) (S.D.N.Y. Jan. 19, 2005); Straker v. Metro. Transit Auth., 333 F. Supp. 91, 98-102 (E.D.N.Y. 2004) (and cases cited therein); Whyte v. Contemporary Guidance Services, Inc., 03 CV 5544, 2004 U.S. Dist. LEXIS 12447, at *9 (S.D.N.Y. July 2, 2004)(dismissing pro se employment discrimination complaint that failed to indicate "how his age, gender, race, and national origin played a factor in the alleged disparate treatment he received."); Kato v. Ishihara, 239 F. Supp. 2d 359, 364 (S.D.N.Y. 2002)("'Despite the liberality of [the motion to dismiss] standard, only the "well-pleaded" factual allegations will

10

be taken as true.  Baldly conclusory statements that fail to give notice of the basic events of which the plaintiff complains need not be credited by the court.'"), aff'd, 2004 U.S. App. LEXIS 2620 (2d Cir. Feb. 18, 2004).  Cf. Bickerstaff v. Vassar College, 196 F.3d 435, 456 (2d Cir. 1999) (feelings and perceptions of being discriminated against are not evidence of discrimination) (quotation and citation omitted), cert. denied, 530 U.S. 1242 (2000); Curtis v. Airborne Freight Corp., 87 F. Supp. 2d 234, 249 n.20 (S.D.N.Y. 2000) (conclusory and speculative allegations of racial animus are insufficient to create an issue of fact).

Plaintiff's claims are no more than conclusory allegations of civil rights violations, and therefore, these claims must be dismissed.

### POINT VI

### PLAINTIFF'S CONSPIRACY CLAIMS ARE BARRED BY THE INTER-AGENCY DOCTRINE

Plaintiff's conspiracy claims are without legal merit and are precluded under the intra-agency conspiracy doctrine.  Under the intra-enterprise conspiracy doctrine, a conspiracy claim cannot be stated where the conspirators are co-employees alleged to have been acting within the scope of their employment.  All defendants are, or were, employees of the DOE.  As members of a single entity they cannot as a matter of law be found to have conspired together. See Linder v. City of New York, 263 F. Supp. 2d 585 (E.D.N.Y. 2003); Tavoloni v. Mount Sinai Med. Ctr., 984 F. Supp. 196, 206 (S.D.N.Y. 1997)(Kaplan, J.), aff'd without op., 198 F.3d 235, (2d Cir. 1999)(the intra-enterprise conspiracy doctrine extends to Section 1985(3) and applies in this Circuit); Philippeaux v. North Central Bronx Hospital, 871 F. Supp. 640, 656 (S.D.N.Y. 1994).  Therefore, plaintiff's conspiracy claims must be dismissed.

## POINT VII

### ANY CLAIMS PLAINTIFF IS ATTEMPTING TO ASSERT AGAINST THE DEPARTMENT OF EDUCATION UNDER 42 U.S.C. §§ 1981, 1982, 1983 AND 1985 MUST BE DISMISSED FOR FAILING TO PLEAD AND INABILITY TO PROVE A MONELL VIOLATION.

Any claims that plaintiff is attempting to assert against the DOE under 42 U.S.C. §§1981, 1982[7], 1983 and 1985 claims must be dismissed because he has failed to plead that the alleged violations were the result of an official policy or custom. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36, 109 S. Ct. 2702 (1989); Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978); Philippeaux v. North Cent. Bronx Hosp., 871 F. Supp. 640, 657 (S.D.N.Y. 1994) (applying Monell municipal policy or custom requirement to 42 U.S.C. § 1985 claim).

To hold a municipal defendant liable under §§ 1981 1983 and 1985, a plaintiff must establish that the municipality itself deprived him of his constitutional rights through a "policy" or "custom." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell, 436 U.S. at 690-95; Davis v. City of New York, 228 F.Supp.2d 327 (S.D.N.Y. 2002). A "[p]laintiff cannot infer a policy from the alleged violation of his own civil rights." Anderson v. City of New York, 657 F. Supp. 1571, 1574 (S.D.N.Y. 1987). Neither can municipal liability be "predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F. 3d 911, 918 (9th Cir. 1996), cert denied, 520 U.S. 1117, 117 S.Ct. 1249 (1997). See also, Oklahoma City v. Tuttle, 471 U.S. 808, 823-4, 105 S.Ct. 2427

---

[7] The provisions of 42 U.S.C. § 1982 are inapplicable to this proceeding. Section 1982 reads: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

(1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); <u>Dwares v. The City of New York</u>, 985 F. 2d 94, 100 (2d Cir. 1992).

In the instant matter, plaintiff failed to assert that the alleged violations of his rights were the result of an official DOE policy or custom.  Nor has plaintiff alleged facts tending to support a claim that DOE had a policy, practice or custom to discriminate against persons based on their race, national origin, or religion.  Consequently, all of plaintiff's claims brought under 42 U.S.C. §§ 1981, 1982, 1983 and 1985 must be dismissed.

## POINT VIII

### PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VI, 21 U.S.C.S. 846, 18 U.S.C.S. 24, 18 U.S.C.S. 241, AND THE TAYLOR LAW

Plaintiff's reliance on Title VI, 21 U.S.C.S. 846; 18 U.S.C.S. 24; 18 U.S.C.S. 241, and the New York State Taylor Law is misplaced and he cannot state a claim under those statutes.

Title VI applies to discrimination from the participation in federally funded programs, not employment discrimination. <u>See</u> 42 U.S.C. 2000d.[8] Plaintiff does not allege that he was excluded from participation in, or denied the benefits of, any federally funded program due to discrimination.  Therefore, this claim must be dismissed.

The statutes found at 18 U.S.C. 241, 18 U.S.C.S. 24 and 21 U.S.C.S. 846 are criminal statutes, which plaintiff has no power to prosecute.  These claims must be dismissed.

New York State's Taylor Law applies only to collective bargaining and does not concern allegations of retaliation against an employee for bringing legal actions.  <u>See</u> Complaint as ¶ 7.  Plaintiff cannot state a claim under the Taylor Law, and therefore, this claim must be dismissed.

---

[8]   42 U.S.C. 2000d reads:

> Prohibition against exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on ground of race, color, or national origin

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

## CONCLUSION

For all the foregoing reason, City defendant respectfully requests that this Court dismiss the complaint in its entirety together with such other and further relief the Court deems just and proper.

Dated:      New York, New York
            February 10, 2006

                                    **MICHAEL A. CARDOZO**
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for City Defendant
                                    100 Church Street, Room 2-317
                                    New York, New York 10007
                                    (212) 788-0879

By:     _____
                                    Joanna R. Helferich (JH 2828)
                                    Assistant Corporation Counsel

William S.J. Fraenkel,
Joanna R. Helferich
      Of Counsel